**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOEL BYRD, JOHN A. PERKOVICH, | ) | |
| JOSEPH J. WRIGHT, LOUIS J. GORDON, | ) | |
| MICHAEL KEELE, PEDRO LUNA, | ) | |
| and ROBERT J. COOPER, and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**<u>COMPLAINT</u>**

Plaintiffs Joel Byrd, John A. Perkovich, Joseph J. Wright, Louis J. Gordon, Michael Keele, Pedro Luna, Robert J. Cooper and all others similarly situated, by and through their attorneys, Amanda Clark and Matthew Pierce of Asher, Gittler & D'Alba, Ltd., complain of Chicago Transit Authority, and, in so doing, allege as follows:

**Nature of Action**

1.      This is an action to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended ("the Act"), 29 U.S.C. §§ 207, 216, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4, *et seq*.

**Jurisdiction and Venue**

2.      Jurisdiction for this action is conferred upon this Court by 28 U.S.C. §§ 1331, 1337. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367.

3.      Venue in this district is proper under 28 U.S.C. §1391(b) and (c) because the unlawful employment practices occurred in this district and Defendants have their place of business in this judicial district.

**Parties**

4.      At all relevant times, Plaintiffs, and all others similarly situated, are or were "employees" of Defendants within meaning of Section 203(e) of the Act, 29 U.S.C. § 203(e).

5.      At all relevant times, Plaintiffs, and all others similarly situated, are or were "employees" of Defendants within the meaning of Section 3(d) of the IMWL, 820 ILCS 105/3(d).

6.      Plaintiffs bring this action on behalf of themselves and all other employees similarly situated pursuant to 29 U.S.C. § 216(b).  Copies of Plaintiffs' consent forms are attached hereto and contemporaneously filed herewith.

7.      Defendant Chicago Transit Authority is a municipal corporation operating a mass transit system in the City of Chicago located in the geographical territory subject to this Court's jurisdiction. Defendant Chicago Transit Authority is a "public agency" as that term is defined in Section 203(x) of the Act, 29 U.S.C. § 203(x).

8.      Defendant was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs, and all others similarly situated, within the meaning of Section 203(d) of the Act, 29 U.S.C. 203(d), and, as such, is subject to the provisions of Section 7 of the Act, 29 U.S.C. § 207.

9.      Defendant is or was, and at all times hereinafter mentioned has been, an "employer" of Plaintiffs and all others similarly situated within the meaning of Section 3(d) of the IMWL, 820 ILCS 1056/3(c).

2

10.     At all relevant times, Defendant has been and is an "enterprise engaged in commerce or in the production of goods for commerce" and is a public agency engaged in public activities for purposes of Section 203(s) of the Act, 29 U.S.C. § 203(s).

11.     At all relevant times, Plaintiffs' wages, hours and terms and conditions of employment were contained in collective bargaining agreements between the Defendant and various labor organizations ("Plaintiffs' Unions").

12.     At all relevant times, Plaintiffs' Unions were members of the Chicago Transit Authority Trades Coalition ("Coalition"), which consists of a total of eleven unions whose members perform trade work for the Chicago Transit Authority, and which bargains with Defendant to set wages, hours and working conditions for the members of those locals.[1]

13.      At all relevant times in which he worked for Defendant, Joel Byrd, was employed as a maintainer and was a member of International Brotherhood of Electrical Workers, Local 9.

14.     At all relevant times in which he worked for Defendant, Plaintiff Joseph J. Wright worked as a Foreman and a member of International Brotherhood of Electrical Workers, Local 9.

15.     At all relevant times in which he worked for Defendant, Plaintiff John A. Perkovich was employed as a Foreman and a member of Carpenters Union, Local 1027.

16.     At all relevant times in which he worked for Defendant, Louis J. Gordon, was employed as a lineman and was a member of International Brotherhood of Electrical Workers, Local 9.

---

[1] The members of the Coalition are as follows: International Brotherhood of Boilermakers, Local 1247; International Union of Bricklayers, District Council 1; United Brotherhood of Carpenters, Local 1027; International Brotherhood of Electrical Workers, Local 9; International Brotherhood of Electrical Workers, Local 134; International Association of Machinists, District 8; International Association of Machinists, Automobile Mechanics, Local 701; Painters District Council #14; Pipe Fitters, Local 597; Plumbers Local 130; Sheet Metal Workers Local 73.

3

17.     At all relevant times in which he worked for Defendant, Michael Keele, was employed as an escalator mechanic and was a member of International Brotherhood of Electrical Workers, Local 134.

18.     At all relevant times in which he worked for Defendant, Pedro Luna, was employed as a maintainer and was a member of International Brotherhood of Electrical Workers, Local 9.

19.     At all relevant times in which he worked for Defendant, Robert J. Cooper, was employed as a maintainer and was a member of International Brotherhood of Electrical Workers, Local 9.

20.     At all relevant times, Plaintiffs worked hours in excess of the applicable overtime threshold under Section 7(k) of the Act, and became entitled to receive one and one-half times their regular rates of pay for all such excess hours under the Act.

## Count I
*(Failure to Pay Overtime in Violation of the Fair Labor Standards Act)*

21.     Plaintiffs reallege and restate Paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22.     The Coalition negotiated collective bargaining language providing for Shift Differential Pay as follows, in relevant part:

### SHIFT DIFFERENTIAL

Employees whose shift starts during the 1530--2330 evening window period will receive a ten (10%) percent shift differential for all hours worked during such times. Employees whose shift starts during the 2330--0700 night window period will receive a fifteen (15%) percent shift differential for all hours worked during such times. An employee whose shift starts during the 1530—2330 evening window period, and ends during the 2330—0700 night window period will receive the shift differential corresponding to the window period during which the majority of his or her hours are worked. In the event that a shift contains equal numbers of hours applicable to both window periods, the higher shift differential shall apply to all hours worked in that schedule. Additionally, an employee whose shift starts prior to the evening shift window period, or whose shift starts during the night shift

period and extends into the day shift, shall receive the appropriate shift differential for all hours worked on that shift if at least 50% of the employee's shift is worked during the evening or night window period as the case may be.

23.     The collective bargaining agreement for Carpenters Union, Local 1027 contains the above-referenced shift differential provision negotiated by the Coalition in Article 2.5(F).

24.     The collective bargaining agreement for International Brotherhood of Electrical Workers contains the above-referenced shift differential provision negotiated by the Coalition in Article 3.4(Y)(2).

25.     The collective bargaining agreement for the Plumbers Union, Local 130 contains the above-referenced shift differential language negotiated by the Coalition in Article 2.5(F).

26.     All of the collective bargaining agreements negotiated by the Coalition on behalf of its union affiliates contain the above-referenced shift differential language.  Thus, employees who are members of the unions affiliated with the Coalition and who are similarly situated to Plaintiffs are subject to the above-referenced shift differential language.

27.     At all relevant times, Plaintiffs, and all similarly situated employees, performed work during the evening and/or night window period.

28.     Within the last three (3) years, Plaintiffs worked hours in excess of the applicable overtime threshold under Section 7(k) of the Act, and became entitled to receive one and one-half times their regular rates of pay for all such excess hours under the Act.

29.     At all relevant times within the last three (3) years, and at times in which Plaintiffs satisfied the applicable overtime threshold mandated by Section 7(k) of the Act, Defendant did not include Shift Differential Pay in the calculation of the "regular rate of pay" for such employees as that term is defined in Section 207(e) of the Act, 29 U.S.C. § 207(e), for purposes of determining the overtime amounts owed to each such employee.

30.    The Shift Differential Pay amounts constitute "remuneration for employment paid to, or on behalf of, the employee" and, as such, should be included in the calculation of each employee's "regular rate of pay" as that term is defined in Section 207(e) of the Act, 29 U.S.C. § 207(e).

31.    Defendant's failure to include Shift Differential Pay amounts in the calculation of the "regular rate of pay" for Plaintiffs and all other similarly situated employees over the last three years for purposes of determining overtime payments to those employees, constitutes a violation of Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

32.    By failing and refusing to compensate Plaintiffs and other similarly situated employees at a rate not less than one-and-one-half (1-1/2) times their "regular rate of pay" for hours worked in excess of the statutory threshold, Defendant has violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2).

33.    Defendant's violations of the Act were willful in that Defendant's failure to pay proper overtime compensation was done knowingly and intentionally in violation of the Act or with reckless disregard for Defendant's obligations under the Act.

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendants as follows:

A:    A declaratory judgment finding that Defendants willfully violated Sections 207 and 215(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2).

B:    A money judgment against Defendants for all sums, which may be found to be due to Plaintiffs as compensatory damage, interest, liquated damages, attorneys' fees and costs.

C:    An order directing all other and additional relief deemed just and proper by the Court.

**Count II**
*(Failure to Pay Overtime in Violation of the Illinois Minimum Wage Law)*

34.     Plaintiffs reallege and restate Paragraphs 1 through 33 of the Complaint as if set forth fully herein.

35.     Within the last three (3) years, Plaintiffs worked hours in excess of the forty(40)-hour threshold set forth under Section 4a of the IMWL, 820 ILCS 105/4a, and, as such, became entitled to receive one and one-half times their regular rates of pay for all such excess hours under the IMWL.

36.     At all relevant times within the last three (3) years, and at times in which Plaintiffs satisfied the applicable overtime threshold mandated by Section 4a of the IMWL, Defendant did not include Shift Differential Pay in the calculation of the "regular rate" of pay for such employees as that term is used in Section 4a of the IMWL, for purposes of determining the overtime amounts owed to each such employee.

37.     The Shift Differential Pay amounts constitute remuneration for employment paid to, or on behalf of, the employee and "wages" under Section 3 of the IMWL, and, as such, should be included in the calculation of each employee's "regular rate" of pay as that term is used in Section 4a of the IMWL, 820 ILCS 105/4a.

38.     Defendant's failure to include Shift Differential Pay amounts in the calculation of the "regular rate" of pay for Plaintiffs and all other similarly situated employees over the last three years for purposes of determining overtime payments to those employees, constitutes a violation of Section 4a of the IMWL, 820 ILCS 105/4a.

39.     By failing and refusing to compensate Plaintiffs and other similarly situated employees at a rate not less than one-and-one-half (1-1/2) times their "regular rate" of pay for

hours worked in excess of forty (40) per week, Defendant has violated Section 4a of the IMWL, 820 ILCS 105/4a.

   **WHEREFORE**, Plaintiffs, and all others similarly situated, pray that judgment be entered against Defendant as follows:

   A.   A declaratory judgment finding that Defendant willfully violated Section 4a of the IMLW, 820 ILCS 105/4a.

   B.   A money judgment against Defendant for all sums which may be found to be due to Plaintiffs, and all other similarly situated employees, as compensatory damages, treble damages, damages in the amount of 5% of the amount of any underpayments for each month following the date of payment during which such underpayments remain unpaid, attorneys' fees and costs.

   C.   An order directing all other and additional relief deemed just and proper by the Court.

## JURY DEMAND

   Plaintiffs hereby demand a trial by jury.


Respectfully submitted,

/s/ Amanda R. Clark
Amanda R. Clark
Matthew J. Pierce
Counsel for Plaintiffs
**ASHER, GITTLER & D'ALBA, LTD.**
200 W. Jackson Blvd. Suite 720
Chicago, Illinois 60606
312/263-1500 (phone)
312/263-1520 (fax)
arc@ulaw.com
mjp@ulaw.com