**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOEL BYRD, JOHN A. PERKOVICH, JOSEPH J. WRIGHT, LOUIS J. GORDON, MICHAEL KEELE, PEDRO LUNA, and ROBERT J. COOPER, and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO TRANSIT AUTHORITY, <br><br> Defendant. | Case No. 1:20-cv-3613 <br><br> Hon. Sara L. Ellis |

**JOINT MOTION FOR ENTRY OF ORDER CERTIFYING COLLECTIVE
ACTION STATUS AND APPROVING AGREED NOTICE OF COLLECTIVE
ACTION, PLAINTIFFS' CONSENT FORM AND OPT-IN PROCEDURE**

All parties, by and through their respective attorneys, hereby move this Honorable Court for entry of an order (a) conditionally certifying the class of collective Plaintiffs defined herein, and (b) approving an agreed "Notice of Collective Action," an agreed "Plaintiff's Consent Form," and an agreed opt-in procedure. In support of said motion, the parties jointly state as follows:

1. This is a collective action under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiffs, current and former employees of CTA, assert claims against Defendant, Chicago Transit Authority ("CTA") under those statutes on behalf of themselves and all similarly-situated persons. Plaintiffs allege that CTA did not pay affected employees' overtime at the proper rates.

2. Count I of Plaintiffs' Complaint asserts a violation of Sections 207 and 215(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), based on CTA's alleged failure to include shift differentials in calculating the rate of pay for overtime work performed. (Dkt. 1, pp. 4-6).

3. Count II of Plaintiffs' Complaint asserts a violation of Section 4a of the IMWL, 820 ILCS 105/4a, based on CTA's alleged failure to include shift differentials in calculating the rate of pay for overtime work performed. (Dkt. 1, pp. 7-8).

4. In the interests of judicial economy and minimizing the accrual of unnecessary attorneys' fees and costs, the parties have negotiated and agreed upon the following conditional class of collective Plaintiffs under the FLSA and IMWL for Counts I and II of Plaintiffs' Complaint:

> All current and former employees of CTA who, at any time from the period of June 19, 2017, to the present, (a) were members of any one of the bargaining units represented by the 11 Coalition unions or by Teamsters Local 700, (b) worked on a second or third shift, and (c) worked more than 40 hours in at least one workweek.

5. The parties agree, for purposes of this motion, that the individuals described above were subject to a common policy or plan with respect to CTA's calculation of overtime rates of pay and are therefore an appropriate class of collective Plaintiffs under the FLSA and the IMWL.

6. In the interests of judicial economy and minimizing the accrual of unnecessary attorneys' fees and costs, the parties have negotiated and agreed upon the language of a "Notice of Collective Action," which is attached as Exhibit 1, and "Plaintiff's Consent Form," which is attached as Exhibit 2.

7. The parties jointly propose the following opt-in procedure:

(a) Within seven (7) days of the date on which the Court enters its order approving of the attached "Notice of Collective Action,"

(1) CTA shall provide to Plaintiffs' counsel a comprehensive list of all individuals who qualify for inclusion in the Class described in Paragraph 4, above. This list shall include each individual's name, most recent home address, telephone number, personal email address (where available), and union bargaining unit. For ease of use, this list shall be provided in an Excel spreadsheet. The Parties agree that if there are any issues, concerns or discrepancies in the list provided by Defendant, the Parties will make all

reasonable efforts to confirm the accuracy of the list and to update or revise the list as necessary.

(b)  Within thirty (30) days of the date on which the Court enters an order approving the "Notice of Collective Action," Plaintiffs will send out said Notice, along with a copy of "Plaintiff's Consent Form," to all putative class members.

(c)  All putative class members who desire to opt in to this litigation shall do so by signing and returning a copy of "Plaintiff's Consent Form" to Plaintiffs' counsel within ninety (90) days of the date on which the Court enters an order approving the "Notice of Collective Action". Plaintiffs' counsel shall supply each putative class member with a return envelope and an email address to which Consent Forms can be returned.

8. All consent forms postmarked or otherwise received by Plaintiffs' counsel and subsequently filed by Plaintiffs' counsel in accordance with this opt-in procedure shall be deemed to have been filed as of June 19, 2020, the date the Complaint and initial consent forms were filed in this case.

9. The parties agree that all putative class members are not subject to an arbitration agreement that waives their right to sue under Counts I or II of the Complaint.

10. The parties agree and acknowledge that nothing in this Motion stands for, nor will be construed to stand for, the position that Defendant has admitted any wrongdoing. Indeed, Defendant denies that Defendant has (1) violated the Fair Labor Standards Act in any way, (2) willfully violated the Fair Labor Standards Act in any way, or (3) violated the Illinois Minimum Wage Act in any way.

WHEREFORE, the parties pray that the Court enter an order awarding the following relief:

(1) Conditionally certifying the class of collective Plaintiffs defined in Paragraph 4 herein;

(2) Approving the attached "Notice of Collective Action" and "Plaintiff's Consent Form" referenced in Paragraph 6 herein;

(3) Approving the opt-in procedure set out in Paragraph 7 herein and requiring the parties to comply with each component thereof; and

(4) Tolling the limitations period such that any consent forms filed after June 19, 2020, the date the Complaint and initial consent forms were filed in this case, shall be deemed to have been filed as of June 19, 2020.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| /s/ Matt Pierce | /s/ Michael W. Duffee |
| Amanda R. Clark | Michael W. Duffee |
| Matt Pierce | Thompson Coburn LLP |
| Asher, Gittler & D'Alba, Ltd. | 55 East Monroe Street |
| 200 W. Jackson Blvd. Suite 720 | 37th Floor |
| Chicago, Illinois 60606 | Chicago, IL 60603 |
| 312/263-1500 (phone) | P: 312 580 2218 |
| 312/263-1520 (fax) | F: 312 580 2201 |
| arc@ulaw.com | mduffee@thompsoncoburn.com |
| mjp@ulaw.com | |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

4