IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOEL BYRD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 1:20-cv-3613 |
| v. ) | |
| ) | Hon. Sara L. Ellis |
| CHICAGO TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING JOINT MOTION FOR**
**APPROVAL OF FINAL SETTLEMENT AGREEMENT**

This cause coming before the Court on Plaintiffs' and Defendant's Joint Motion for Approval of Final Settlement Agreement (Dkt. 86), due notice being given, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED:**

1. The Parties' Joint Motion for Approval of Final Settlement Agreement is granted.

2. The Court grants the Parties' joint request for final certification, for settlement purposes, of the following collective pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), which was previously conditionally certified by the Court on October 13, 2021:

> All current and former employees of CTA who, at any time from the period of June 19, 2017, to the present, (a) were members of any one of the bargaining units represented by the 11 Coalition unions or by Teamsters Local 700, (b) worked on a second or third shift, and (c) worked more than 40 hours in at least one workweek.

This final certification for settlement purposes includes the 155 Plaintiffs who have filed, and have not withdrawn, Consent Forms with the Court; it does not include any individuals who have not filed Consent Forms with the Court, or the two individuals whose consents have been withdrawn.

      3.      The Court approves of the Parties' Settlement Agreement (Dkt. 86-1) as a fair and reasonable resolution of a bona fide dispute under the FLSA, and specifically finds as follows:

      a.      The Court approves of the provisions in the Parties' Settlement Agreement providing for payment of an aggregate amount of $1,423,918.43 to the Plaintiffs, inclusive of overtime compensation and liquidated damages alleged to be owed to Plaintiffs; minimum payments to Plaintiffs with little to no overtime alleged to be owed; and Service Payments to Named Plaintiffs.

      b.      The Court approves of the provisions in the Parties' Settlement Agreement providing for payment of a Service Award in the amount of $3,000 to each of the seven Named Plaintiffs, totaling $21,000. This amount is reasonable in light of (1) the actions the Named Plaintiffs took to protect the collective's interest, (2) the degree to which the collective has benefited from those actions, and (3) the amount of time and effort the Named Plaintiffs expended in pursuing litigation.

      c.      The Court approves of the provisions of the Parties' Settlement Agreement providing for payment of attorney's fees and expenses to Plaintiffs' Counsel in the amount of $240,689.43. The Court finds that the agreed-upon attorney's fees are reasonable in light of (1) the benefit conferred on the collective, (2) the risk to which collective counsel was exposed, (3) the difficulty and novelty of the legal and factual issues, (4) the skill of the lawyers, (5) the time and labor involved, (6) the reaction of the collective, and (7) the comparison between the agreed-upon attorney fees and the attorneys' fees awarded in similar cases. The Court finds that the amount of time spent and the hourly rates charged by Plaintiffs' Counsel are reasonable. The Court further finds that the agreed-upon expenses included in this payment are reasonable and necessary to the litigation.

4. Consistent with the stipulations included in the Parties' Settlement Agreement, this civil action is hereby dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). Pursuant to the Parties' Agreement, this dismissal is without prejudice for a period of 180 days following the entry of this Order. The Court shall retain jurisdiction over this matter during that 180-day period for the purpose of enforcing the terms and provisions of the Parties' Settlement Agreement. Upon expiration of the 180-day period, or upon the Court's resolution of any enforcement disputes arising during that period, whichever is later in time, this dismissal shall convert automatically to dismissal with prejudice, without further order from the Court.

5. Each Party shall bear its own costs, attorneys' fees, and expenses, except as otherwise provided in the Parties' Settlement Agreement.

**IT IS SO ORDERED.**

DATED: January 17, 2024

Sara L. Ellis
United States District Judge